16

Konstanty Skrodzki, Appellee, v. Sherman State Bank, Appellant.

Gen. No. 34,684.

Opinion filed March 23, 1931. Rehearing denied April 6, 1931.

JOSEPH F. ELWARD, for appellant.

JAMES PERCIVAL PIO, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover damages claimed to have been sustained by him by reason of the fraud and deceit of the defendant in selling to plaintiff gold mortgage bonds of the face value of $800, fraudulently representing to plaintiff that payment of the bonds was secured by a first mortgage on real estate when, as a matter of fact, the mortgage securing the payment of the bonds was a second lien on real estate, and that the bonds were practically worthless. There was a trial before a judge and a jury, and a verdict and judgment in plaintiff's favor for $1,006.84, being the full amount of his claim, and the defendant appeals.

The case went to trial on the second count of the amended declaration. The substance of this count is that on July 25, 1921, the Polonia Soap Company, an Illinois corporation, executed its trust deed conveying certain real estate in Cook county to secure the payment of an issue of $250,000 of bonds which, by their terms, purported to be a first lien on the property; that the defendant bank, intending to defraud plaintiff, fraudulently represented that the bonds were secured by a first mortgage and offered to sell some of the bonds to plaintiff; that on July 15, 1922, plaintiff purchased bonds of the face value of $600 and on August 10, 1922, other of the bonds of the face value of $200; that the representation made by the defendant, that the payment of the bonds was secured by a first mortgage on the real estate, was knowingly false, and that the defendant, at the time of the sale, knew the bonds were secured by a junior mortgage on the property.

To the declaration defendant filed a plea of the general issue and a plea of the statute of limitations of five years, to which plea plaintiff filed a replication averring that the defendant fraudulently concealed from the plaintiff the fraud which constituted plaintiff's cause of action until within less than five years before the commencement of the suit and the filing of the second amended count. The replication then set up that defendant fraudulently concealed the fact from plaintiff that the payment of the bonds was secured by a second mortgage, but, on the contrary, falsely represented that they were secured by a first mortgage on real estate in Cook county. It further set up that on January 25 and July 25 of each year, as the semiannual interest became due on the bonds, the defendant, well knowing that the payment of the bonds was not secured by a first mortgage, paid or caused to be paid, the semiannual interest until July 25, 1925, at about which time the plaintiff learned that the payment of the bonds was secured by a second mortgage. The defendant's demurrer to the replication was overruled and it then filed a rejoinder denying any fraudulent concealment of plaintiff's alleged cause of action and denying that it represented to plaintiff that the payment of the bonds was secured by a first mortgage.

The evidence tends to show that July 25, 1921, the Polonia Soap Company, a corporation, made a $250,000 issue of bonds secured by a mortgage on real estate in Cook county. The bonds on their face stated that they were secured by a first mortgage on buildings, machinery and equipment located in Chicago. These bonds were not first mortgage bonds but were secured by a junior mortgage, there being a first mortgage of $28,000 against the property. In July, 1921, Bruno Kowalewski was president of the soap company and also president of the defendant bank, which was incorporated in 1921. In July and August, 1922, plain-

tiff, who had theretofore done business with Kowalewski while he was running a private bank, had a savings account with the defendant bank, and he approached a clerk of the bank in the cashier's cage and inquired about the purchase of some bonds. The clerk or teller told plaintiff of the soap company bonds and stated that they were secured by a first mortgage and were as good as gold. Thereupon plaintiff drew the money out of his savings account and paid face value for the bonds, receiving a receipt from the bank for the money he had paid. Afterwards, as the semiannual interest came due on the bonds, plaintiff went to the bank with them, presented them to some officer or employee of the bank and received payment until about 1925, when it was discovered that the bonds were secured by a second mortgage on the property. There was a foreclosure suit of the first mortgage, to which plaintiff here was a defendant and proved up his bonds before the master, and on the sale of the property received his proportionate share of the proceeds, which was about $13.

The defendant contends that under the statute of this State it was not authorized to buy and sell bonds such as the ones in suit, and that even if it be held to have sold the bonds in the instant case to plaintiff, its action in doing so was *ultra vires* and void. We think the contention cannot be sustained because there is no evidence in the record as to how the bonds came to the bank. Obviously, banks are authorized to loan money and to accept bonds as collateral security, and if the bonds in question became the property of the bank through such a transaction, obviously it had the right to sell them. We think the burden was on the bank to show, if it could, that the sale was unauthorized. This it failed to do.

The defendant further contends that plaintiff's cause of action was barred by the statute of limita-

tions of five years. We think this contention must be sustained and the defendant's motion, at the close of all the evidence for a directed verdict in its favor, should have been allowed because all of the evidence is to the effect that the defendant did not, within the meaning of the law, fraudulently conceal from plaintiff his cause of action. *Keithley v. Mutual Life Ins. Co.,* 271 Ill. 584. The only evidence in the instant case as to the alleged fraudulent concealment by the defendant is that in the perpetration of the fraud when the bonds were sold to plaintiff the defendant said that the bonds were secured by a first mortgage and the fact that it paid interest coupons semiannually to the plaintiff as they became due. These facts do not constitute a fraudulent concealment of plaintiff's cause of action within the meaning of the statute. *Keithley v. Mutual Life Ins. Co., supra.*

Both parties assume that the statute of limitations of five years would bar the action, but plaintiff contends that the statute did not commence to run until he discovered the fraud and that he brought his suit within five years thereafter. In support of plaintiff's contention he relies on section 22 of the statute of limitations, Cahill's St. ch. 83, ¶ 23, which provides that "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." In passing on this section the Supreme Court in the *Keithley* case said (p. 592): "that mere silence of the defendant is not sufficient. The appellant's contention is that the Statute of Limitations has no application to causes of action arising out of fraudulent representations made by the defendant until the discovery of the fraud by the plaintiff, even though the defendant has made no

effort to conceal the fraud other than the representations by which it was originally accomplished. . . .

"The language of the statute is positive in its requirement that all civil actions not otherwise provided for (among which this is included) shall be commenced within five years after the cause of action accrued. There is no exception of causes of action originating in fraud." The court then discusses a number of authorities decided in this State before and after the enactment of section 22, and continuing said (pp. 594–5): "The doctrine announced in these decisions is, that the fraudulent concealment of a cause of action which will prevent the running of the Statute of Limitations must be some affirmative act or representation intended to prevent the discovery of the cause of action, which does actually prevent such discovery; that a replication setting up such fraudulent concealment must set out the facts constituting the concealment; that the fraudulent misrepresentations which form the basis of the cause of action do not constitute a fraudulent concealment in the absence of allegations of acts or representations tending fraudulently to conceal the cause of action." The court then discusses the case of *Bailey v. Glover* (21 Wall. 342), and a number of other authorities.

The *Keithley* case was an action of fraud and deceit, the basis of which was that the defendant insurance company sold to plaintiff for a valuable consideration a policy of insurance, by the terms of which the defendant agreed to distribute and pay to plaintiff, at the end of 20 years, certain sums of money determinable on the amount of the surplus of the insurance company at the end of the 20-year period, etc., and that the defendant agreed to pay the plaintiff at the end of the period $6,000, and it was contended that the representations were fraudulent and that the fraud was concealed by the acceptance of the insurance com-

pany from plaintiff of the annual premiums, and that this acceptance prevented the statute from running. In passing on this question the court said (p. 599): "The appellant suggests that each annual acceptance of the premium by the appellee was a continuance of the initial fraud. The case of *Schoolfield v. Prudential Saving Life Ins. Society*, 158 Ky. 687, answers this contention. That case was an action for fraudulent representations as to what the value of the plaintiff's policy would be at its maturity. In regard to the contention just referred to, the court said: 'We do not think the payment of the annual premiums had the effect of suspending the running of the statute as long as they were paid or until the company refused to perform the written contract as it was represented by the agent. It was the representations of the agent, and not the payment or receipt of the premiums, that constituted the fraud complained of. The premiums paid were those that the contract provided for, and the agent did not attempt to make any representations concerning them, except to say that if they were paid as stipulated in the written contract the insured would receive certain benefits in excess of those provided for in the written contract.' " See also *Ramsey v. Child, Hulswit & Co.*, 198 Mich. 658. In the instant case we are of the opinion that under the rule of law as announced in the *Keithley* case, the payment of the semi-annual interest to plaintiff by the bank did not toll the running of the statute.

There is another reason why the judgment cannot stand, and that is, that the judgment is excessive. Plaintiff recovered the full face value of the bonds, although the only charge of fraud in the declaration was that the defendant fraudulently represented that the issue of $250,000 bonds was secured by a first mortgage on the real estate when, as a matter of fact, there was a $28,000 mortgage which was a first lien

on the property. It is not charged in the declaration that the defendant fraudulently represented that the property on which the mortgage was given was ample to secure the payment of the bonds, but, as stated, the only charge is that the mortgage securing the $250,000 bond issue was a first lien on the property. And the only evidence of the value of the property covered by the mortgage is that it was purchased shortly before the issuance of the bonds in question for $48,000, on which there was a payment of $20,000, leaving a balance due, secured by a first mortgage, of $28,000.

Under these facts it was obvious that plaintiff was not defrauded the full amount of his claim by reason of the charge in the declaration.

The judgment of the circuit court of Cook county is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.